UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | CIVIL ACTION NO. |
| Plaintiff, | **COMPLAINT AND JURY TRIAL DEMAND** |
| vs. | |
| PRESRITE CORPORATION, | |
| Defendant. | |

## NATURE OF THE ACTION

This is an action arising under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and to provide appropriate relief to a class of women who sought employment with Defendant Presrite Corporation ("Defendant") and who were affected by Defendant's discriminatory practices.

As alleged with greater particularity below, Defendant failed or refused to hire females because of sex and engaged in a pattern or practice of sex discrimination in the hiring process. Additionally, Defendant failed to maintain records required under Title VII.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) and 707 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3) and -6 ("Title VII") and Title I, Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a ("CRA of 1991").

2. The unlawful employment practices were committed within the jurisdiction of the United States District Court for the Northern District of Ohio.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission ("the Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) and 707 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3) and -6.

4. At all relevant times, Defendant has continuously been an Ohio corporation for profit doing business in the State of Ohio and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days before the institution of this lawsuit, EEOC Commissioner Christine M. Griffith filed a charge with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least January 2004, Defendant has engaged in unlawful employment practices at its facilities in Ohio, including those practices alleged in paragraph 8 below, in violation of Sections 703 and 707 of Title VII, 42 U.S.C. §§2000e-2 and -6.

8. Defendant violated Title VII when it failed or refused to hire females on the basis of their sex and engaged in a pattern or practice of sex discrimination in the hiring of females, including but not limited to:

2

    a.    discriminating against females because of sex in the hiring process by failing or refusing to refer females to agencies from whom Defendant hired applicants;

    b.    discriminating against females because of sex in the hiring process by failing or refusing to refer females for interviews for employment;

    c.    discriminating against females because of sex in the hiring process by failing or refusing to interview females for employment; and

    d.    failing or refusing to hire females for employment.

9. The effect of the practices complained of in paragraphs 7 and 8 above, has been to deprive females of equal employment opportunities, and otherwise adversely affect their status as employees, applicants, and those otherwise seeking employment, because of their sex.

10. Since at least February 2007, Defendant has failed, in violation of Section 709(c) of Title VII, 42 U.S.C. §2000e-8(c), to make and preserve records relevant to the determination of whether unlawful employment practices have been or are being committed.

11. The unlawful employment practices complained of in paragraphs 7 and 8 above, were intentional.

12. The unlawful employment practices complained of in paragraphs 7 and 8 above, were done with malice or with reckless indifference to the federally protected rights of the class of females affected by the unlawful practices.

### PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, successors, and assigns, and all other persons in active concert or

participation with it, from engaging in any employment practice which discriminates on the basis of sex.

B.  Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities, terms, conditions, and privileges of employment for female who sought employment with Defendant and which eradicate the effects of Defendant's past and present unlawful employment practices.

C.  Order Defendant to make whole all persons who have been unlawfully denied employment opportunities because of sex by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to rightful-place hiring, rightful-place seniority, and front pay in lieu of instatement.

D.  Order Defendant to make whole all persons who have been unlawfully denied employment opportunities because of sex by providing compensation for past and future pecuniary losses resulting from Defendant's unlawful employment practices, including but not limited to past and future out-of-pocket losses such as relocation expenses, job search expenses, and medical expenses.

E.  Order Defendant to make whole all persons who have been unlawfully denied employment opportunities because of sex by providing compensation for past and future nonpecuniary losses resulting from Defendant's unlawful practices, including but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F.  Order Defendant to pay all persons who have been unlawfully denied employment opportunities because of sex punitive damages for Defendant's malicious and reckless conduct, in amounts to be determined at trial.

G.  Order Defendant to make and preserve all records, in accordance with the provisions of Section 709(c) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-8(c), relevant to the determination of whether unlawful employment practices have been or are being committed.

H.  Grant such further relief as the Court deems necessary and proper in the public interest.

I.  Award the Commission its costs of this action.

### JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

_____
DEBRA M. LAWRENCE
Regional Attorney
EEOC/Philadelphia District Office

_____
MARIA KATE BOEHRINGER
Supervisory Trial Attorney
Florida Bar No. 0041157
EEOC/Baltimore Field Office
10 South Howard Street, 3rd Floor
Baltimore, Maryland 21201
maria.boehringer@eeoc.gov
Tel. (410) 209-2722/Fax (410) 962-4270

/s/ Maria Luisa Morocco    (consent)
MARIA LUISA MOROCCO
Supervisory Trial Attorney
Federal Bar No. 24357
EEOC/Baltimore Field Office
10 South Howard Street, 3rd Floor
Baltimore, Maryland 21201
maria.morocco@eeoc.gov
Tel. (410) 209-2730/Fax (410) 962-4270

/s/ Jeffrey A. Stern
JEFFREY A. STERN
Senior Trial Attorney
Ohio Bar No. 0020107
EEOC/Cleveland Field Office
1240 East Ninth St., Ste. 3001
Cleveland, OH 44199
jeffrey.stern@eeoc.gov
Tel. (216) 522-7458/Fax (216) 522-7430

6