UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Equal Employment Opportunity, Commission, | ) ) ) | CASE NO. 11 CV 260 |
| Plaintiff, | ) ) | JUDGE PATRICIA A. GAUGHAN |
| v. | ) ) ) | |
| Presrite Corporation, | ) ) | **Memorandum of Opinion and Order** |
| Defendant. | ) | |

This is an action alleging unlawful employment practices under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991. Pending before the Court is Defendant Presrite Corporation's Partial Motion for Judgment on the Pleadings. (Doc. 43.) For the reasons stated below, the motion is granted.

**Facts**

Defendant Presrite Corporation (Presite) is an Ohio corporation. Plaintiff Equal Employment Opportunity Commission (EEOC) filed the Complaint in the case against Presrite on February 4, 2011. EEOC Commissioner, Christine M. Griffith, signed a charge of discrimination alleging violations of Title VII by Presrite on February 12, 2008. (Complt., ¶ 6;

1

Presite Br., Ex.1.)[1]

The EEOC's Complaint alleges that since at least January 2004, Presrite has engaged in unlawful employment practices at its facilities in Ohio and has violated Sections 706 and 707 of Title VII "when it failed and refused to hire females on the basis of their sex and engaged in a pattern or practice of sex discrimination in the hiring of females." (Complt., ¶ 8.)  The Complaint also alleges that since at least February 2007, Presrite has failed to make and preserve records relevant to the determination of whether unlawful employment practices have been committed. (*Id.*, ¶ 10.)  The EEOC seeks a permanent injunction and other relief.

**Standard of Review**

Federal Rule of Civil Procedure 12(c) provides:  "After the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings."  The standard of review for a motion for judgment on the pleadings is the same as the standard applicable to a motion to dismiss under Fed. R. Civ. P. 12(b)(6).  *Vickers v. Fairfield Med. Ctr.,* 453 F.3d 757, 761 (6th Cir. 2006).  A motion for judgment on the pleadings is appropriately granted when the movant establishes that there is no material issue of fact to be resolved and that he is entitled to judgment as a matter of law.  *Tucker v. Middleburg-Legacy Place*, 539 F.3d 545, 549 (6th Cir. 2008).  In determining a motion for judgment on the pleadings, the court must construe the

---

[1] Although the EEOC did not attach a copy of the Commissioner's charge, a copy is attached as an exhibit to Presrite's motion.  The Court may consider the charge in determining the pending motion for judgment on the pleadings.  *See, e.g, Amini v, Oberlin College*, 259 F.3d 493, 502-03 (6th Cir. 2001) ("[D]ocuments that a defendant attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the] claim . . . . [T]here is no question that the EEOC charge, the filing of which was a precondition to [plaintiff] bringing this suit, is central to his discrimination claim.")

complaint in the light most favorable to the plaintiff and accept all well-pleaded allegations as true. *Vickers,* 453 F.3d at 761. However, the court is not required to accept legal conclusions or unwarranted factual inferences. *JP Morgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 582 (6th Cir. 2007). In determining the motion, the court may consider any of the pleadings, including the complaint, the answer, and any written instruments attached to them. 2-12 Moore's Federal Practice – Civil § 12.38 (2012).

**Discussion**

Presrite moves for partial judgment on the pleadings on the EEOC's Title VII claims to the extent the claims relate to employment decisions made by Presrite more than 300 days before the EEOC's Commissioner's charge of discrimination. Presrite contends that Title VII contains a 300 day statute of limitations barring challenges to employment decisions made more than 300 days prior to the filing of the charge. Thus, Presrite moves for partial judgment on the pleadings as to the EEOC's Title VII claims to the extent they challenge employment decisions made before April 18, 2007 (300 days prior to the Commissioner's February 12, 2008 charge).

Presrite relies on Section 706(e)(1) and this Court's decision in *EEOC v. Kaplan*, 790 F. Supp.2d 619 (N.D. Ohio 2011). Section 706(e)(1) provides:

> A charge under this section shall be filed within one hundred and eighty days after the alleged unlawful employment practice occurred . . .except that in a case of an unlawful employment practice with respect to which the person aggrieved has initially instituted proceedings with a State or local agency with authority to grant or seek relief from such practice or to institute criminal proceedings with respect thereto upon receiving notice thereof, such charge shall be filed by or on behalf of the person aggrieved within three hundred days after the alleged employment practice occurred . . .

42 U.S.C. § 2000e-5(e)(1). Presrite asserts that Section 706(e)(1) of Title VII explicitly limits the period for which the EEOC may sue on behalf of persons aggrieved by an unlawful

3

employment practice. Accordingly, the EEOC is barred from seeking relief pursuant to Section 706 for any conduct that occurred more than 300 days prior to the filing of the administrative charge.

In addition, Presrite contends that the 300 day time limitation set out in § 706(e)(1) also applies to pattern and practice claims brought by the EEOC under Section 707 of Title VII.[2] This Court agreed with this position in *Kaplan*, stating:

> Upon review, the Court finds that the time limitation in 706(e)(1) is applicable in this case. The plain language of § 707(e) authorizes the EEOC to investigate and act on a charge of a pattern or practice or discrimination and mandates that such actions be taken in accordance with the procedures of § 706. Section 706 requires a charge to be filed, under the facts of this case, within 300 days after the allegedly unlawful employment practice occurred. Thus, the EEOC may only act where a charge of discrimination has been filed, and such charges must be filed within 300 days of the unlawful employment practice. Plainly, if a charge is not filed within that time limitation, the EEOC may not act upon it. No exception exists in the statute allowing the EEOC to recover damages for individuals whose claims are otherwise time-barred.
>
> Although plaintiff argues that courts have held that the time limitation of § 706(e)(1) does not apply to pattern or practice suits under § 707, the Court respectfully disagrees with the reasoning of those decisions.

*Kaplan*, 790 F. Supp.2d at 623. The Court granted Kaplan's motion for partial dismissal of pattern and practice claims brought by the EEOC under Sections 706 and 707 of Title VII.

Like *Kaplan*, this case also involves pattern and practice claims brought pursuant to Sections 706 and Section 707 of Title VII. Pursuant to *Kaplan*, employment-related decisions made by Presrite more than 300 days prior the date of the Commissioner's charge, or before

---

[2] The EEOC may sue on behalf of one or more persons aggrieved by an unlawful employment practice under Section 706 of Title VII. 42 U.S.C. § 2000e-5(f)(1). Under Section 707, the EEOC may investigate and act on a charge of a pattern or practice of discrimination. 42 U.S.C. § 2000e-6(e).

April 18, 2007, are time-barred.

The EEOC asserts that it "respectfully disagrees with the Court's decision" in *Kaplan* and also argues that Presrite's alleged conduct in failing to hire women over a period of years also constitutes a "continuing violation" that is not subject to the 300-day charge filing period. However, this Court also fully considered and rejected a similar "continuing violation" argument by the EEOC in *Kaplan* and found that the continuing violation doctrine did not apply. The Court held that "discrete decisions to refuse to hire and to terminate employment cannot be linked together to create a continuing violation." *Kaplan*, 790 F. Supp.2d at 625.

In short, this Court has already considered and rejected the EEOC's arguments that Section 707 does not contain a statute of limitations and that the continuing violation doctrine applies in *Kaplan*. The Court follows its decision in *Kaplan* and finds that the EEOC's claims under Section 706 and 707 are time barred to the extent they relate to employment decisions made by Presrite more than 300 days prior to the Commissioner's charge (*i.e.*, before April 18, 2007).

The EEOC also argues that even if the Court follows its prior decision and finds that a 300-day time limitation applies to the EEOC's Title VII claims, the Court should deny Presrite's Motion for Judgment on the Pleadings because "any 300-day period should not begin to run until two years after each applicant applied" for employment. (EEOC Opp. at 12.) The EEOC reasons that Presrite retains employment applications and considers applicants eligible for employment for two years following the date of their applications. The EEOC asserts: "If a 300-day-charge filing period applies at all, it must run from the date the application expired without a hire decision – or, 300 days from the date the two year eligibility period expired."

5

(*Id*.)  The EEOC cites *Yeschick v. Mineta*, 521 F.3d 498 (6th Cir. 2008) in support of this position.

The EEOC's argument in this regard is not persuasive.  As discussed in *Kaplan*, in order to be timely, a discrimination charge must be filed within 300 days of an alleged discriminatory practice.  In a failure to hire case, a discriminatory practice occurs when the position for which the plaintiff was not hired is filled.  *See Cline v. BWXT Y-12, LLC*, 521 F.3d 507, 512 (6th Cir. Cir 2008) ("The allegedly discriminatory act t[ook] place or happen[ed] . . . when the company filled the last of these positions.")  *Yeschick* does not purport to determine when a discriminatory practice under Title VII occurs and did not address when the 300-day limitations period in Title VII cases begins to run.  Rather, *Yeschick* considered whether an air traffic controller who filed an application for reinstatement of his employment in 1993 was still an "active" applicant in 2002, when he contacted an EEO counselor to complain of age discrimination such that he exhausted the administrative requirement that he consult an EEO counselor within 45 days of an alleged discriminatory act.  The district court ruled that Yeschick was no longer an active applicant in 2002, but the Sixth Circuit reversed the district court's determination on this point and held that a genuine issue of material fact existed.  But *Yeschick* did not consider or determine that the 300-day time limitation period established in Section 706(e)(1) runs from the time an employment "application expired without a hire decision" as the EEOC asserts.  In short, *Yeschick* is not on point or persuasive to show that "any 300-day period should not begin to run until two years after each applicant applied."

**Conclusion**

For the reasons stated above and in *Kaplan,* Presrite's Partial Motion for Judgment on the

Pleadings is granted.  The EEOC is time-barred from challenging employment decisions made by Presrite more than 300 days prior to the Commissioner's charge, or prior to April 18, 2007.

IT IS SO ORDERED.

                                              /s/ Patricia A. Gaughan
                                              PATRICIA A. GAUGHAN
                                              United States District Judge

Dated: 8/30/12